**Hua Chen (SBN 241831)**
**Calvin Chai (SBN 253389)**
ScienBiziP, P.C.
550 S. Hope Street, Suite 2825
Los Angeles, California 90071
Telephone:   (213) 426-1771
Facsimile:    (213) 426-1788
Email: huachen@scienbizippc.com;
Calvinchai@scienbizippc.com

*Attorneys for Plaintiff*
*FOSHAN LIYAN UNDERGARMENT CO., LTD.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSHAN LIYAN UNDERGARMENT CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> ROADGET BUSINESS PTE. LTD, <br> Defendant. | Case No.  23-cv-6557 <br><br> **COMPLAINT FOR:** <br><br> **(1) MISREPRESENTATION UNDER 17 U.S.C. § 512(f)** <br> **(2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** <br><br> **Jury Trial Demanded** |

1

Plaintiff Foshan Liyan Undergarment Co., Ltd. ("Liyan" or "Plaintiff") hereby brings this Complaint against Defendant Roadget Business Pte. Ltd. ("Roadget" or "Defendant") and alleges as follows:

## THE PARTIES

1.    Plaintiff Liyan is a corporation organized and existing under the laws of China, with a place of business located at No. 350, Longyong Village, Yanbu, Dali Town, Foshan City, Guangdong Province, China.

2.    Defendant Roadget is a private limited company duly organized and existing under the laws of Singapore.  Roadget has a registered business address at 7 Temasek Boulevard, #12-07 Suntec Tower One, Singapore.  Roadget is the owner of the SHEIN trademarks in the United States.  Roadget owns the website located at https://us.shein.com and the corresponding mobile application.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because the claims arise out of federal questions concerning copyright pursuant to 17 U.S.C. § 101 et seq.

4.    This Court has personal jurisdiction over Roadget because it has conducted business in the State of California, and because it has maintained continuous and systematic contacts with the State of California, through, among other things, operating affiliated companies and licensees having principal places of business in Los Angeles, California.  The Defendant has purposefully availed itself of the privilege of doing business in California and in this District through its marketing and sales activities directed at California residents.

5.    Venue properly exists in this District pursuant to 28 U.S.C. § 1391(c) as Defendant is not a resident in the United States and may be sued in any judicial district.  Additionally, venue is appropriate in this Judicial District pursuant to 28

U.S.C. § 1391(b) as Defendant transacts business, or has subsidiaries and licensees in this District. Defendant uses social media to target consumers in California to join its platform and purchase its products. The acts complained of have and will continue to have substantial effects in this District.

## **BACKGROUND**

6.     In the past decade, a new retail approach in the apparel industry has come up known as "ultra-fast fashion." Ultra-fast fashion retailers release new clothing or apparel styles on a weekly or even daily basis. Ultra-fast fashion retailers offer a huge number of ever-changing styles for extraordinarily low prices. The success of ultra-fast fashion retailers depends on their ability to source products from manufacturers who can create fast designs and/or respond to rapid changeover from one product style to another.

7.     SHEIN is an online ultra-fast fashion retailer headquartered in Singapore. Defendant Roadget is SHEIN's parent company. In the United States, the SHEIN-branded goods and services are primarily sold by Roadget's affiliate and licensee, Shein Distribution Corporation through the website at https://us.shein.com and through the corresponding mobile application (the "SHEIN eCommerce Platform"). A wide range of SHEIN branded fashion products, including women's apparel, are available for purchase through the SHEIN eCommerce Platform.

8.     TEMU is an online shopping platform launched in U.S. in September of 2022. It operates as a third-party marketplace allowing China-based vendors to sell and ship directly to U.S. customers without having to rely on warehouses in the U.S. TEMU is operated online at https://www.temu.com and through the corresponding mobile application (the "TEMU eCommerce Platform"). Like SHEIN, the TEMU eCommerce Platform offers a wide variety of products for sale, including women's apparel. Indeed, in a recent lawsuit against TEMU, SHEIN

labeled TEMU as a direct competitor and alleged that TEMU sells competing, and sometimes identical, products.

9.     Plaintiff Liyan was founded in 2016. It specializes in the design, manufacture, and sale of women undergarments. Liyan advertises and sells its products through Chinese online retail platforms such as 1688.com, Tmall, Taobao, and Pinduoduo.

## GENERAL ALLEGATIONS

10.     On or about March 2022, Roadget and Liyan entered into a buyer-seller relationship.  Roadget would purchase women's undergarment apparel from Liyan for sale under the SHEIN brand through the SHEIN eCommerce Platform.  Liyan would present Roadget with mockup images of undergarments of different styles that Liyan has designed and/or developed.  Roadget would select certain styles and issue purchase orders. Liyan would manufacture and ship pursuant to SHEIN's orders. Liyan maintains the IP ownership including copyrights covering the undergarment styles that Liyan has designed and/or developed.

11.     In order to promote sales of Liyan's products on SHEIN, Roadget requested that Liyan obtain realistic images of models wearing the undergarments Liyan manufactured and upload the model photos to the SHEIN eCommerce Platform.

12.     Roadget directed Liyan to work with a studio known as Guangzhou Dongyuan Media Co., Ltd.  (the "Dongyuan Media"). Dongyuan Media is a photography studio located at Guangzhou City, Guangdong Province, China. Dongyuan Media is not owned, controlled, or affiliated with Roadget.  Based on information and belief, Dongyuan Media is Roadget's preferred vendor for photography projects for models wearing ultra-fast fashion apparel.

13.   For Liyan's photography projects, Liyan would send to Dongyuan Media the actual undergarments (e.g., women's bra).  Dongyuan Media would take photos of models wearing the undergarments with different poses and from different angles.  Dongyuan Media would send the photos back to Liyan for approval.  After final approval, Dongyuan Media would transmit all finalized image files to Liyan and issue an invoice to Liyan.  Liyan would pay the invoice thus completing the project.  Based on information and belief, Dongyuan Media does not charge Roadget or its affiliates fees for the various Liyan photography projects.

14.   Since October 2022, Liyan noticed a significant reduction in the order volume from Roadget.  Roadget stopped purchasing products from Liyan completely in December 2022. The business relationship between Liyan and Roadget ended around the same time.  At that time, Liyan had considerable inventory and additional fabric and raw material that were ordered and inventoried in anticipation of more orders from Roadget.

15.   Liyan demanded that Roadget stop using the original image files that Liyan purchased from Dongyuan Media and uploaded to the SHEIN eCommerce Platform, after the parties ended their business relationship. Liyan's demand is ignored.

16.   Based on information and belief, prior to the end of the relationship between the parties, Roadget had secretly secured alternative manufacturing sources for making the same undergarment products that Roadget ordered from Liyan.  After the relationship ended, Roadget continued to use the original image files that Liyan purchased from Dongyuan Media to promote sales of the same undergarment products Roadget sourced from alternative suppliers.

17.   Liyan registered a seller account with TEMU in January 2023.  Liyan started selling its undergarment products on the TEMU eCommerce Platform on or

about the same time. The products Liyan sold on the TEMU eCommerce Platform include the styles that Roadget ordered from Liyan in 2022.

18.    On February 22, 2023, TEMU received a take-down notice from Roadget's legal counsel issued pursuant to Section 512(c) of the Digital Millennium Copyright Act (the "First DMCA Notice").  The First DMCA Notice claimed that Roadget was the owner of certain copyrighted materials hosted on TEMU's website. The copyrighted materials were attached to the notice. Roadget through its counsel demanded that TEMU immediately remove these copyrighted materials from TEMU's website.  The copyrighted material at issue included a subset of the image files that Liyan purchased from Dongyuan Media and posted on the SHEIN eCommerce Platform in 2022 to promote sales of the Liyan undergarment products. Roadget's legal counsel stated in the notice that he has "a good faith belief that the disputed use of the copyrighted material identified above is not authorized by the copyright owner, its exclusive licensee, its agent, or under the law."  Roadget's legal counsel further certified that "under the penalty of perjury that the information contained in the notification is true to the best of my knowledge, and I have the authority to act on behalf of Roadget Business Pte. Ltd., the owner and exclusive licensee of the copyright(s) involved."  A copy of the First DMCA Notice including the attached copyrighted materials that are relevant to Liyan is attached hereto as Exhibit A.

19.    On February 23, 2023, TEMU received a second DMCA take-down notice from Roadget's legal counsel (the "Second DMCA Notice").  The Second DMCA Notice claimed that Roadget was the owner of certain copyrighted materials hosted on TEMU's website.  The copyrighted materials were attached to the notice. Roadget through its counsel demanded that TEMU immediately remove these copyrighted materials from TEMU's website. The copyrighted material at issue included a subset of the image files that Liyan purchased from Dongyuan Media and

posted on the SHEIN eCommerce Platform in 2022 to promote sales of the Liyan undergarment products.  Roadget's legal counsel stated in the notice that he has "a good faith belief that the disputed use of the copyrighted material identified above is not authorized by the copyright owner, its exclusive licensee, its agent, or under the law."  Roadget's legal counsel further certified that "under the penalty of perjury that the information contained in the notification is true to the best of my knowledge, and I have the authority to act on behalf of the owner and exclusive licensee of the copyright(s) involved."  A copy of the Second DMCA Notice including the attached copyrighted materials that are relevant to Liyan is attached hereto as Exhibit B.

20.  On March 16, 2023, TEMU received a third DMCA takedown notice from Roadget's legal counsel (the "Third DMCA Notice").  The Third DMCA Notice claimed that Roadget was the owner of certain copyrighted photos and designs.  The notice claimed TEMU is offering for sale products containing content that infringe Roadget's copyrighted material.  The copyrighted materials were attached to the notice.  Roadget through its counsel demanded that TEMU immediately remove the infringing content from TEMU's website.  The copyrighted material at issue included an image file that Liyan purchased from Dongyuan Media and posted on the SHEIN eCommerce Platform in 2022 to promote sales of the Liyan undergarment products.  Roadget's legal counsel stated in the notice that he has "a good faith belief that the disputed use of the copyrighted material identified above is not authorized by the copyright owner, its exclusive licensee, its agent, or under the law."  Roadget's legal counsel further certified that "under the penalty of perjury that the information contained in the notification is true to the best of my knowledge, and I have the authority to act on behalf of Roadget Business Pte. Ltd., the owner and exclusive licensee of the copyright(s) involved to send DMCA take-down notices …."  A copy of the Third DMCA Notice including the attached copyrighted materials that are relevant to Liyan is attached hereto as Exhibit C.

21.     Based on the facts and circumstance set forth above, Roadget knew, or should have known, that Liyan's use of the copyrighted materials identified in the three DMCA Notices to TEMU are indeed authorized.  Roadget knew, or should have known, that Roadget is not the owner, nor the exclusive licensee, of the copyrighted materials identified in the Notices. Roadget knew, or should have known, the DMCA Notices contained false statements and misrepresentations.

22.     TEMU removed three Liyan listings from its eCommerce Platform in response to Roadget's three DMCA Notices.  The removed listings are (i) listing ID 601099513573152, entitled "Women's Breathable Glossy Non-slip Half Cup Push Up Bra, Comfortable Strapless High Stretch Bra, Women's Lingerie & Underwear," (ii) listing ID 601099513519543, entitled "Women's Solid Glossy Detachable Strap Bra, Thin & Comfortable High Stretch Bra, Women's Lingerie & Underwear," and (iii) listing ID 601099513282978, entitled " Sexy Glossy Push Up Scoop Bra, Solid High Stretch Plunge Bra, Women's Lingerie & Underwear."

23.     Liyan had made continuous and substantial sales of the products under the removed listings on the TEMU eCommerce Platform prior to their removal. Roadget's take-down notices have prevented Liyan from selling the 601099513573152, 601099513519543, and 601099513282978 products on the TEMU eCommerce Platform.

24.     Roadget's continued wrongdoing has caused, is causing, and will continue to cause irreparable harm to Liyan and its business.

## COUNT 1: MISREPRESENTATION UNDER 17 U.S.C. § 512(f)

25.     The allegations of paragraphs 1 through 24 are incorporated herein by reference with the same force and effect as if set forth in full below.

26.     By submitting the three DMCA notices to TEMU, Roadget knowingly and materially misrepresented that Liyan has committed copyright infringement by

posting certain marketing material on TEMU.   Roadget knew, or should have known, that the DMCA notices misrepresented: (1) Roadget's ownership interest in the copyrighted materials, and that (2) Liyan's TEMU listings contained infringing contents.

27.    TEMU removed certain Liyan listings from the TEMU eCommerce Platform in response to Roadget's fraudulent DMCA notices.

28.    As a result of Defendant's knowing and material misrepresentations, Plaintiff is entitled pursuant to 17 U.S.C. § 512(f) to all damages, including costs and attorneys' fees, which it incurred as the result of TEMU's reliance upon Defendant's misrepresentations.

29.    As a direct and proximate cause of Defendant's acts, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to its business in the form of lost profits and injury to goodwill and reputation.

30.    Plaintiff will be irreparably injured by the continued acts of Defendants, until and unless such acts are enjoined. Plaintiff has no adequate remedy at law.

## COUNT 2: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

31.    The allegations of paragraphs 1 through 30 are incorporated herein by reference with the same force and effect as if set forth in full below.

32.    Liyan has an economic relationship with TEMU, with the probability of future economic benefit to Liyan.

33.    Liyan also has economic relationships with potential purchasers of its products on TEMU.

34.    Defendant knew about Plaintiff's economic relationships with TEMU and potential purchasers of its products on TEMU.

35.     Defendants intentionally submitted fraudulent DMCA notices containing false allegations of copyright infringement to TEMU to disrupt Plaintiff's future economic benefit which causes lost sales and other damages.

36.     Defendant's conduct was independently wrongful in that it constituted misrepresentation and improper business practices.

37.     As a direct and proximate result of Defendant's conduct, Plaintiff has lost future economic benefits by causing lost sales and other damages to Plaintiff, and will continue to be damaged unless Defendant is enjoined from continuing its wrongful conduct.

38.     Plaintiff will be irreparably injured by the continued acts of Defendant, until and unless such acts are enjoined.  Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request the Court to enter judgment as follows:

A. That Defendant and its subsidiaries and affiliated companies, its respective officers, directors, agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with it who receive actual notice of the injunction order by personal or other service be preliminarily and permanently enjoined from (1) sending DMCA notices or notices of claimed infringement to TEMU concerning Plaintiff; (2) sending any other complaints containing allegations of infringement or other wrongdoing to Plaintiff's third party Internet service providers or other vendors of goods and/or services; and (3) interfering in any way with Plaintiff's sale of undergarment products on the Internet;

B. An injunction requiring Defendant to (1) rescind its DMCA notices with TEMU and to authorize TEMU to reinstate Plaintiff's listings; and requiring

Defendant (2) to retract its allegations of infringement and/or other wrongdoing sent to TEMU with respect to the Plaintiff.

C. Damages according to proof;

D. That because of the willful nature of Defendant's acts, the Court enter a judgment for treble the amount of the aforesaid damages;

E. That because of the willful, intentional, and wrongful nature of Defendant's acts, the Court award to Plaintiff exemplary or punitive damages;

F. That the Court award Plaintiff pre-judgment interest;

G. That Defendant be required to pay to Plaintiff its costs in this action, including all costs and attorney's fees; and

H. For such other and further relief as the court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

DATED: August 11, 2023                    Respectfully,


By:  _____/s/  *Hua Chen*_____
Hua Chen
*Attorney for Plaintiff*
*FOSHAN LIYAN*
*UNDERGARMENT CO., LTD.*