**ART HASAN, CA Bar No. 167323**
ahasan@lewisroca.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lewisroca.com
**DREW WILSON, CA Bar No. 283616**
dwilson@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Hua Chen (SBN 241831)
Calvin Chai (SBN 253389)
ScienBiziP, P.C.
550 S. Hope Street, Suite 2825
Los Angeles, California 90071
Telephone: (213) 426-1771
Facsimile: (213) 426-1788
huachen@scienbizippc.com
Calvinchai@scienbizippc.com

*Attorneys for Plaintiff*
*FOSHAN LIYAN UNDERGARMENT CO., LTD.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSHAN LIYAN UNDERGARMENT CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> ROADGET BUSINESS PTE. LTD., <br><br> Defendant. | Case No. 2:23-cv-06557-MRA-RAO <br><br> **JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)** <br><br> **Scheduling Conference** <br><br> Date: April 5, 2024 (Vacated) <br> Time: 10:00 a.m. <br> Courtroom: 10B <br><br> Hon. Mónica Ramírez Almadani |

-1-

124221407.1

Pursuant to the Honorable Andre Birotte Jr.'s Order Setting Scheduling Conference (Dkt. No. 19) and this Court's Reassignment Order (Dkt. No. 29), counsel for Plaintiff Foshan Liyan Undergarment Co., Ltd. ("Plaintiff" or "Liyan") and Defendant Roadget Business Pte. Ltd. ("Defendant" or "Roadget"), hereby submit the following Joint Scheduling Conference Report Pursuant to Rule 26(f), agreed to as a result of their Rule 26(f) Scheduling Conference held on February 29, 2024.

(1) **Statement of the Case.**

**Plaintiff's Statement:**

This is a case about the rampant abuse of the Digital Millenium Copyright Act's ("DMCA") notice and takedown procedures by Roadget, which has allowed Roadget to unfairly compete with and punish small companies who advertise their products on third party platforms such as TEMU. Roadget sends unfounded DMCA takedown requests to TEMU that are filled with knowing material misrepresentations as to the ownership of the copyright at issue in the request, Roadget's right to file the request, and whether the identified companies comitted copyright infringement, in order to induce TEMU to take down the listings to preserve its rights under the safe harbor provision.

Liyan had once sold its products to Roadget, providing Roadget with pictures of its products that Liyan had commissioned from a third-party photographer (the "Commissioned Photographs"). Liyan arranged for the photographs to be taken, managed the creative aspects behind the photographs, and paid for the photographs. The Commissioned Photographs were then uploaded to Roadget specifically identifying them as vendor supplied. No copyright to the Commissioned Photographs was ever transferred to Roadget.

After the relationship between the parties ended, Liyan began selling the same products that it had once sold to Roadget on TEMU with listings that clearly stated that they were listed by Liyan. Liyan used the Commissioned Photographs

124221407.1

on its listings. Over a series of several months, Roadget sent over a dozen DMCA takedown notices to TEMU concerning Liyan's use of the Commissioned Photographs on its platform. Each of the notices, sent by employees of the intellectual property protection unit of Roadget's legal department, included knowing material misrepresentations that Roadget owned the copyright to the Commissioned Photographs, that Roadget was authorized to send the notice, and that Liyan's use of the photographs was unauthorized or otherwise an act of copyright infringement. TEMU, in compliance with the safe harbor provisions of the DMCA, took down a number of Roadget's listings in response to these notices.

Liyan believes that Roadget is attempting to delay this case by filing a series of meritless motions. It first filed motions to dismiss claiming that Liyan failed to plead with the specificity required of Rule 9(b) even though claims under 17 USC § 512(f) are plead under Rule 8, and even if Rule 9(b) applied, knowledge can be plead generally under the rule. Roadget now has indicated that it intends to file a motion to compel arbitration arising from the parties' long-expired OEM Agreement, despite the fact that the complained of activities (sending DMCA notices with knowing material misrepresentations) are clearly outside of the scope of the agreement, and took place after the parties' relationship had ended and the agreement was terminated. Moreover, Roadget has waived its right to compel arbitration.  Roadget has filed two motions to dismiss going to the merits of the case, the parties have participated in the Rule 26 conference, and discovery has been propounded by Liyan.

**Defendant's Statement:**

By this action, Liyan hastily brings suit against Roadget for allegedly sending false DMCA takedown notices to Temu, a third-party e-commerce platform, with knowledge the notices contained misrepresentations in violation of 17 U.S.C. § 512(f).  Liyan further claims that it is entitled to declaratory relief establishing Roadget has no ownership rights in the photographs that were the

subject of its DMCA takedown notices (the "DMCA Notices"). Not only has Liyan failed to allege sufficient, plausible facts to state a claim for either of its causes of action, which is the subject of Roadget's pending Motion to Strike and Motion to Dismiss the FAC, but in opposing Roadget's Motion, Liyan conceded that its claims are subject to arbitration in China pursuant to an August 19, 2022 manufacturing and sales agreement between the parties (the "Agreement"). Roadget has already conducted the pre-filing conference of counsel and intends to file promptly a motion to compel arbitration and motion to stay discovery pending the Court's ruling on the motion to compel. Thus, Roadget does not believe this matter will be litigated before this Court.

Roadget is a Singapore-based company which owns the trademarks to the popular SHEIN brand and operates the us.shein.com website and SHEIN mobile application. Roadget and Liyan were formerly in a business relationship whereby Liyan made women's undergarments for Roadget to be sold specifically on SHEIN's platforms. As part of this relationship, Roadget commissioned a photographer to work with Liyan to take photographs of models wearing the undergarments to be used on SHEIN's platforms at Liyan's expense. After the parties' relationship ended in December 2022, Roadget noticed the same photographs that were used to sell these undergarments on the SHEIN platform being used to sell the same undergarments by a seller on Temu. At that point in time, Roadget did not have knowledge the listings belonged to Liyan, and disagrees with Liyan's assertions that the Temu listings clearly indicated they belonged to Liyan. Upon seeing these listings on Temu, Roadget sent the DMCA Notices requesting Temu remove them because Roadget believed the use of these photographs was unauthorized.

Only months after Roadget allegedly sent the DMCA Notices, on August 11, 2023, Liyan commenced this lawsuit. Liyan requested Roadget waive service of the complaint, which Roadget agreed to do. Because Roadget is a foreign entity,

124221407.1

upon waiver it then had 90 days to respond to Liyan's complaint. On January 22, 2024, Roadget timely filed its motion to dismiss the complaint. ECF No. 18. Liyan filed the FAC on February 9, 2024, ECF No. 21, and on February 26, 2024, Roadget filed its motion to strike certain allegations from the first amended complaint ("FAC") and motion to dismiss the FAC for failure to state a claim. ECF No. 28. In opposing Roadget's motion to dismiss the FAC, Liyan attached the parties' Agreement and affirmatively relied upon it in defending its claims. For example, Liyan argued the Agreement is directly relevant to the ownership issues of the relevant copyrights in this action, including whether there was any transfer of ownership rights and whether the parties were permitted to continue using the relevant photographs after the parties' business relationship ended, which Liyan acknowledged were "central" issues in this case.

(2) **Subject Matter Jurisdiction.**

This dispute arises under federal questions concerning copyright pursuant to 17 U.S.C. § 101 et seq. and the Declaratory Judgement Act, 28 U.S. Code § 2201. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. Roadget intends to file a Motion to Compel Arbitration pursuant to 9 U.S.C. § 201, *et seq*, based on the agreement between Roadget and Liyan which requires arbitration of disputes in China. Liyan does not believe that Roadget's proposed motion to compel arbitration has any merit given that the complained of activities (sending DMCA notices with knowing material misrepresentations) occurred after the termination of the parties' relationship, after the termination of the agreement, and were outside of the scope of the agreement.

(3) **Legal Issues.**

As far as can be determined at the present time, the key legal issues to be determined are as follows:

124221407.1

**Plaintiff's Statement:**

- Whether Roadget owned the copyrights to the Commissioned Photographs at the time it sent the DMCA notices at issue in this case (the "DMCA Notices").
- Whether Roadget had the legal right to send DMCA Notices concerning Liyan's use of the Commissioned Photographs.
- Whether Liyan's use of the Commissioned Photographs was an act of copyright infringement.
- Whether Roadget conducted an investigation into the statements that it made in its DMCA Notices.
- Whether Roadget was willfully blind to the accuracy of the statements that it made in its DMCA Notices.
- Whether the statements that Roadget made in its DMCA Notices were knowing misrepresentations.
- Whether the statements that Roadget made in its DMCA Notices were material misrepresentations.
- Whether the statements that Roadget made in its DMCA Notices were subjectively baseless.
- Whether TEMU relied on the statements on Roadget's DMCA notices to take down Liyan's listings.
- Whether Liyan was harmed by TEMU removing its listings.
- Whether the arbitration provision in the parties' OEM Agreement applies to actions taken by Roadget that were unrelated to the agreement (sending DMCA notices filled with knowing material misrepresentations), and which took place after the parties' relationship ended and the agreement was terminated.

124221407.1

**Defendant's Statement:**

- Whether Liyan's claims must be arbitrated pursuant to the parties' Agreement.
- Whether discovery should be stayed pending a ruling on Roadget's motion to compel arbitration and/or motion to dismiss for failure to plead its claims with particularity as required by Fed. R. Civ. P. 9(b).
- Who owns the copyrights at issue under Chinese law.
- Whether Liyan can establish that the DMCA Notices were false.
- Assuming Liyan can establish the DMCA Notices were false, whether Liyan can establish that Roadget had actual subjective knowledge of falsity at the time the DMCA Notices were sent.
- Whether Liyan's use of the photographs at issue was licensed and if so, for what purpose.
- Whether Liyan's failure to send DMCA counter-notices constitutes a failure to mitigate damages.
- Whether there is a justiciable case or controversy relating to ownership of the copyrights at issue for purposes of the Declaratory Judgment Act.

(4)   **Parties, Evidence, etc.**

**Plaintiff's Statement:**

   **Parties:**

a. Plaintiff is a corporation organized and existing under the laws of China, with a place of business located at No. 350, Longyong Village, Yanbu, Dali Town, Nanhai District, Foshan City, Guangdong Province, China.

b. Plaintiff previously filed its Corporate Disclosure Statement and Notice of Interested Parties pursuant to Local rule 7.1-1 (Dkt. 2), disclosing that it does not have a parent corporation.

124221407.1

c. Plaintiff does not own and is not related to any other companies.

**Witnesses and Key Documents:**

Based on the information available at this time, Plaintiff believes it may call the following witnesses:

- Eason Wang
- Tim Wei
- Representative of Dongyuan Media Co., Ltd.
- Chen Delian

Based on the information available at this time, Plaintiff believes it may rely on the following key documents:

- Documents and communications related to the DMCA notices issued by Roadget concerning Plaintiff's use of the Commissioned Photographs, including the DMCA notices themselves, Roadget's investigations into the statements made in the notices, and Roadget's knowledge of the falsity of the statements in the notices.
- Communications with the photographer who took the Commissioned Photographs.
- Sales figures of Liyan's products that it sold in connection with the listings that TEMU took down.
- Liyan's inventory and other cost related documents.
- Roadget's policies and procedures concerning its identification of listings and sending of DMCA takedown notices.
- Documents and communications related to Roadget's abuse of the DMCA system, including but not limited to counternotifications issued by third parties, and claims by third parties that Roadget issued DMCA notices claiming rights to copyrighted materials that it did not actually own.

124221407.1

- Documents related to Roadget's tracking of the copyrights that it owns or has exclusive license to.
- Documents related to Roadget's sales of products not provided by Liyan that Roadget sold in connection with the Commissioned Photographs.

**Defendant's Statement:**

**Parties:**

Defendant Roadget Business Pte. Ltd. is a private limited company organized and existing under the laws of Singapore with its principal place of business at 12 Marina Boulevard, #15-01, Marina Bay Financial Centre, Singapore 018982.

**Witnesses and Key Documents:**

Assuming this case proceeds in this Court, based on the information available at this time, Roadget believes it may call the following witnesses:

- Tim Wei, IP counsel at Roadget
- Representative of Dongyuan Media Co., Ltd. ("Dongyuan Media")
- Chen Delian, General Manager of Plaintiff Foshan Liyan Undergarment Co., Ltd.

Assuming this case proceeds in this Court, based on the information available at this time, Roadget believes it may rely on the following key documents:

- Agreement(s) between Roadget and Plaintiff, including the August 19, 2022 Agreement between Roadget and Plaintiff;
- Agreement(s) between Roadget and Dongyuan Media;
- Communications between Roadget and Dongyuan Media and/or the photographer relating to the photographs at issue in this action;
- Communications and other documents exchanged between Roadget and Plaintiff related to their business dealings and the photographs at issue;

124221407.1

- Communications and other documents exchanged between Temu and Plaintiff related to the photographs at issue, Plaintiff's relationship with Temu, and discussions about initiating and maintaining this lawsuit;
- Communications and other documents exchanged between Temu and Plaintiff related to their business relationship; and
- Communications and other documents exchanged between Plaintiff and Dongyuan Media and/or the photographer of the photographs at issue related to copyright ownership and/or assignments.

Most of the relevant documents, witnesses, and other evidence pertaining to this case will be located in China. Accordingly, Roadget anticipates the need for an extended discovery period if the case proceeds in this Court.

(5) **Damages.**

Plaintiff has not yet determined the range of damages but intends at a minimum to seek all damages authorized by 17 U.S.C. § 512(f) including but not limited to lost profits and costs and attorney's fees. Plaintiff further contends that this is an exceptional case entitling Plaintiff to its attorneys' fees and costs independent of 17 U.S.C. § 512(f).

Roadget does not believe Liyan has suffered any compensable damages and it has failed to mitigate any alleged damages. Roadget intends to seek its attorneys' fees and costs.

(6) **Insurance.**

**Plaintiff's Statement:**

Plaintiff is unaware of any insurance that may cover any claims or defenses at issue in this litigation at this time.

124221407.1

**Defendant's Statement:**

Roadget is unaware of any insurance that may cover any claims or defenses at issue in this litigation at this time.

(7) **Motions.**

**Plaintiff's Statement:**

Plaintiff does not anticipate filing any motions at this time. Plaintiff reserves the right to file motions, such as a motion to amend the pleadings to add parties or claims as they become identified in discovery.

**Defendant's Statement:**

Roadget has a pending Motion to Strike and Motion to Dismiss the FAC which was noticed for hearing on March 28, 2024. In addition, Roadget intends to file a Motion to Compel Arbitration and Dismiss this action pursuant to 9 U.S.C. § 201, *et seq*. in accordance with the parties' agreement. Roadget also intends to file a Motion to Stay Discovery pending a determination on the Motion to Compel Arbitration.

(8) **Dispositive Motions.**

**Plaintiff's Statement:**

Plaintiff will likely file a motion for summary judgment on one or more issues, including but not limited to Roadget's ownership of the copyrights in the Commissioned Photographs at the time it issued the DMCA notices.

**Defendant's Statement:**

Roadget has a pending Motion to Strike and Motion to Dismiss the FAC which was noticed for hearing on March 28, 2024, which would likely be dispositive if granted. In addition, Roadget intends to file a Motion to Compel Arbitration and Dismiss this action pursuant to 9 U.S.C. § 201, *et seq*. in accordance with the parties' Agreement, which would also be dispositive. To the extent this action survives these motions, Roadget anticipates it will file a Motion for Summary Judgment at the appropriate time.

124221407.1

(9) **Manual for Complex Litigation**

The parties do not believe that the procedures of the Manual for Complex Litigation should be utilized.

(10) **Status of Discovery.**

Pursuant to Federal Rule of Civil Procedure, a Rule 26(f) Conference was held on February 29, 2024. The parties propose a detailed discovery plan as follows.

(11) **Discovery Plan.**

    a. **Rule 26(f)(3)(A)**

The parties do not believe that any changes are necessary to the timing, form or requirements for disclosures under Rule 26(a). The parties exchanged their disclosures on March 14, 2024.

    b. **Rule 26(f)(3)(B) Discovery and Pretrial Plan**

Roadget does not believe a Schedule should be set until its Motion to Compel Arbitration is decided and it is determined whether this case can proceed in this Court. To the extent the Court is inclined to set a discovery schedule, and notwithstanding Roadget's objections, the Parties' proposed schedule for completion of discovery is set forth in the attached Schedule of Pretrial and Trial Dates Worksheet. Liyan does not believe that Roadget's proposed motion to compel arbitration has any merit given that the complained of activities (sending DMCA notices with knowing material misrepresentations) occurred after the termination of the parties' relationship, after the termination of the agreement, and were outside of the scope of the agreement. **Plaintiff's Statement:**

Liyan does not believe that there is any need for changes to the timing or order of discovery. Given the short window for discovery, any delay will prejudice Liyan. Liyan does not believe that Roadget's proposed motion to compel arbitration has any merit given that the complained of activities (sending DMCA notices with knowing material misrepresentations) occurred after the termination

-12-

124221407.1

of the parties' relationship, after the termination of the agreement, and were outside of the scope of the agreement.

**Defendant's Statement:**

Roadget believes that a stay of discovery is appropriate in this case until the Court rules on Roadget's pending Motion to Dismiss and it is determined whether Liyan can allege facts with particularity establishing fraud as required by Fed. R. Civ. P. 9(b) for its claim under 17 U.S.C. § 512(f). In addition, Roadget believes that a stay of discovery is appropriate pending a ruling on Roadget's soon-to-be filed Motion to Compel Arbitration. Roadget does not believe a Schedule should be set until its Motion to Compel Arbitration is decided and it is determined whether this case can proceed in this Court. To the extent the Court is inclined to set a discovery schedule, and notwithstanding its objections, Roadget has agreed with Liyan on the proposed schedule for completion of discovery as set forth in the attached Schedule of Pretrial and Trial Dates Worksheet.

### c. 26(f)(3)(C) Electronically Stored Information and Email

The parties agree that they will take reasonable, good-faith steps to preserve potentially relevant electronically stored information, as required under the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Evidence 502(d), the parties agree that the inadvertent production of a privileged or work product protected Electronically Stored information ("ESI") is not a waiver in the pending case or in any other federal or state proceeding.

**Plaintiff's Position:**

Liyan proposes the following e-discovery protocol:

- Recognition ("OCR") technology. All documents, either hard copy or electronic, shall be produced in searchable ASCII text (or Unicode) files and shall be named with the unique Bates Number of the first page of the corresponding TIFF/JPG document followed by the extension "TXT." Each TXT file shall include all pages of a single document.

-13-

124221407.1

- **Footer**. Each TIFF/JPG image shall contain a footer with a sequentially ascending production number and associated confidentiality endorsement pursuant to any stipulated protective order submitted by the parties.

- **Native Production**. The parties will produce spreadsheet files in native form or in another reasonably usable form. Such native file productions shall include the metadata fields as set forth above and a single-page TIFF image placeholder indicating that the associated file was produced in native form. Each produced native file shall be named with a unique Bates Number and any confidential designation asserted for the document (e.g., ABC00000001 HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY.xls). The parties reserve the ability to request other file types be produced in native form or in another reasonably usable form upon review of the other party's production. The parties reserve their respective rights to object to any such request.

- **No Backup Restoration Required**. Absent a showing of good cause, no party need to restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

- **Voicemail and Mobile Devices**. Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

- **Email Collection Protocol**. The parties agree that the general ESI productions described above shall not include email or other forms of electronic correspondence. To obtain email the parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business, and shall be phased to occur after the parties have

exchanged initial disclosures and basic documentation about the Asserted Patents, prior art, accused instrumentalities, and the relevant finances.

- Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.
- Each requesting party shall limit its email production requests to a total of five (5) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests upon showing a distinct need based on the size, complexity, proportionality, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties pursuant to this paragraph, and emails from additional custodians are produced as a result, the requesting party shall bear all reasonable costs caused by such additional discovery.
- Each requesting side shall limit its email production requests to a total of five (5) search terms. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests upon showing a distinct need based on the size, complexity, proportionality, and issues of this specific case. The search terms shall be narrowly tailored to particular issues, and the requesting party will identify which of the search terms are applicable or not applicable to the custodians whose emails are being searched. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

124221407.1

- A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties, and emails including the additional search terms are produced as a result, the requesting party shall bear all reasonable costs caused by such additional discovery.
- Notwithstanding the foregoing, no party is prohibited from producing emails or affirmatively relying upon any emails that it has produced or otherwise obtained.

**Defendant's Position:**

Roadget is not prepared to agree to an ESI protocol or Liyan's parameters at this time, given the agreed-upon issues between the parties with respect to document collection in China and potential Chinese laws that may be at issue. Roadget communicated this position to Liyan in the course of drafting this Report, including Roadget's agreement to continue discussing the ESI protocol in good faith, but Liyan did not engage with Roadget's position and has nevertheless included its lengthy proposals in the Report that will undoubtedly require further discussions between the parties.

124221407.1

- **26(f)(3)(D) Privilege and Protection Issues**

The parties agree to use the Magistrate Judge's Form Stipulated Protective Order as a starting point and negotiate in good faith any modifications that the parties believe should be made to it before submission to the Court for approval.

i. **26(f)(3)(E)**

The parties do not believe that any changes should be made in the limitations on discovery imposed under these rules or by local rules, subject to Roadget's position described above with respect to a stay of discovery.

(12) **Discovery Cut-Off.**

The Parties propose a fact discovery procedure and cutoff dates as set forth in the attached Schedule of Pretrial and Trial Dates Worksheet. Roadget does not believe a Schedule should be set until its Motion to Compel Arbitration is decided and it is determined whether this case can proceed in this Court. Liyan does not believe that Roadget's proposed motion to compel arbitration has any merit given that the complained of activities (sending DMCA notices with knowing material misrepresentations) occurred after the termination of the parties' relationship, after the termination of the agreement, and were outside of the scope of the agreement.

(13) **Expert Discovery.**

Roadget does not believe a Schedule should be set until its Motion to Compel Arbitration is decided and it is determined whether this case can proceed in this Court. To the extent the Court is inclined to set a discovery schedule, and notwithstanding Roadget's objections, the Parties' proposed schedule for completion of discovery is set forth in the attached Schedule of Pretrial and Trial Dates Worksheet. Liyan does not believe that Roadget's proposed motion to compel arbitration has any merit given that the complained of activities (sending DMCA notices with knowing material misrepresentations) occurred after the termination of the parties' relationship, after the termination of the agreement, and were outside of the scope of the agreement.

124221407.1

(14) **Settlement Conference/Alternative Dispute Resolution (ADR).**

    a. **Prior Discussions.**

The parties are engaged in preliminary settlement discussions.

    b. **ADR Selection.**

**Plaintiff:**

Plaintiff's preference is ADR by private mediation.

**Defendant:**

Defendant's preference is ADR by the C.D. Cal. Court Mediation Panel.

(15) **Trial Estimate.**

**Plaintiff:**

Plaintiff estimates 3 days for trial.

**Defendant:**

Assuming this case remains in this Court, Roadget estimates 5 days for trial.

(16) **Trial Counsel.**

For Plaintiff, at least Art Hasan, G. Warren Bleeker, and Drew Wilson will try the case.

For Defendant, Michael E. Williams and Kayla M. Rooney will try the case.

(17) **Independent Expert or Master.**

The parties do not believe that an independent master or expert is required at this time.

(18) **Schedule Worksheet.**

Roadget does not believe a Schedule should be set until its Motion to Compel Arbitration is decided and it is determined whether this case can proceed in this Court. To the extent the Court is inclined to set a discovery schedule, and notwithstanding Roadget's objections, the Parties' proposed schedule for completion of discovery is set forth in the attached Schedule of Pretrial and Trial Dates Worksheet. Liyan does not believe that Roadget's proposed motion to compel arbitration has any merit given that the complained of activities (sending

124221407.1

DMCA notices with knowing material misrepresentations) occurred after the termination of the parties' relationship, after the termination of the agreement, and were outside of the scope of the agreement.

(19) **Other Issues.**

    a. **Electronic Service**

The parties agree to accept service by email pursuant to Rule 5(b)(2)(F). In addition, the parties agree to a modification of Rule 6(d) such that service by email of a discovery document on or before 6:00 PM local Court time (PST/PDT) shall constitute personal service of that document, and service after 6:00 PM local Court time (PST/PDT) shall continue to be subject to Rule 6(d), meaning that 3 days are added after the period would otherwise expire under Rule 6(a).

Dated: March 22, 2024          Respectfully submitted,
LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  */s/G. Warren Bleeker*
Art Hasan
G. Warren Bleeker
Drew Wilson

*Attorneys for Plaintiff*
*FOSHAN LIYAN UNDERGARMENT CO., LTD.*

Dated: March 22, 2024          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Michael E. Williams*
Michael E. Williams

*Attorneys for Defendant*
*Roadget Business Pte. Ltd.*

L.R. 5-4.3.4(a)(2)(i) Certification:

*All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

 */s/G. Warren Bleeker*
G. Warren Bleeker

-19-

124221407.1