QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kayla M. Rooney (SBN 354289)
kaylarooney@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant*
*Roadget Business Pte. Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSHAN LIYAN UNDERGARMENT CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>ROADGET BUSINESS PTE. LTD.,<br><br>Defendant. | CASE No. 23-cv-6557-MRA-RAO<br><br>**DEFENDANT ROADGET BUSINESS PTE. LTD.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS PROCEEDINGS**<br><br>Date: June 13, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10B<br><br>The Hon. Mónica Ramírez Almadani<br><br>Trial Date: None Set |

TO THE CLERK OF THE ABOVE-TITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on June 13, 2024, at 1:30 p.m. or as soon thereafter as the matter may be heard, Defendant Roadget Business Pte. Ltd. ("Roadget") will and hereby does move the above-titled Court for an order: (1) compelling arbitration of Plaintiff Foshan Liyan Undergarment Co., Ltd.'s ("Liyan") claims for relief alleged in the above-captioned action pursuant to 9 U.S.C. § 201, *et seq*.; (2) dismissing the action in its entirety; (3) staying all discovery and case scheduling deadlines pending the resolution of this Motion; and (4) for such other and further relief as the Court may deem just and proper. This Motion is made on the grounds that Liyan entered into a valid and binding agreement with Roadget to arbitrate the disputes presently alleged in the First Amended Complaint ("FAC") concerning the parties' ownership to certain copyrights in China. Roadget requests that the Court dismiss this action because both of Liyan's claims are subject to arbitration and stay discovery and all case deadlines while it considers this Motion.

This Motion is made following a meet and confer between counsel of record for the parties on March 19, 2024 pursuant to Local Rule 7-3. This Motion is based upon this Notice of Motion, the attached, supporting Declaration of Michael E. Williams, Memorandum of Points and Authorities, all pleadings on file in this action, such other

evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

Dated: March 26, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Michael E. Williams*
Michael E. Williams
*Attorneys for Defendant Roadget Business Pte. Ltd.*

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 4

I. LIYAN'S CLAIMS ARE SUBJECT TO ARBITRATION IN CHINA ........ 4

A. This Court Should Compel This Action To Arbitration In China Under The New York Convention ........ 5

B. Liyan Entered Into A Valid, Binding Agreement To Arbitrate Its Asserted Claims In This Litigation ........ 7

II. THE COURT SHOULD DISMISS LIYAN'S ACTION ........ 9

III. THE COURT SHOULD STAY DISCOVERY PENDING ITS RULING ON ROADGET'S MOTION ........ 10

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Balen v. Holland Am. Line Inc.*,
583 F.3d 647 (9th Cir. 2009) .... 6

*Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*,
109 F. Supp. 2d 1236 (S.D. Cal. 2000) .... 6, 7

*Clardy v. Gilmore*,
773 F. App'x 958 (9th Cir. 2019) .... 10

*Coinbase v. Bielski*,
143 S. Ct. 1915 (2023) .... 10

*Day v. Orrick, Herrington & Sutcliffe, LLP*,
42 F.4th 1131 (9th Cir. 2022) .... 6

*Dean Witter Reynolds Inc. v. Byrd*,
470 U.S. 213 (1985) .... 5

*Galaxia Elecs. Co. v. Luxmax*,
U.S.A., 2017 WL 11566394 (C.D. Cal. Dec. 28, 2017) .... 10, 11

*Knutson v. Sirius XM Radio Inc.*,
771 F.3d 559 (9th Cir. 2014) .... 7

*Liu Luwei v. Phyto Tech Corp.*,
2018 WL 6016958 (C.D. Cal. June 18, 2018) .... 7

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*,
2017 WL 2727874 (N.D. Cal. Feb. 14, 2017) .... 10

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985) .... 5

*Nguyen v. BMW of N. Am., LLC.*,
2021 WL 2284113 (S.D. Cal. June 4, 2021) .... 10

*Oberstein v. Live Nation Ent., Inc.*,
60 F.4th 505 (9th Cir. 2023) .... 7

*Quiksilver Greater China Ltd. v. Quiksilver Glorious Sun Licensing Ltd.*, No. SACV 12-01379- CJC (ANx), 2012 WL 12878644 (C.D. Cal. Nov. 2, 2012) ....6

*Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394 (1996) ....7

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974) ....5

*Slade v. Empire Today, LLC*, 2021 WL 1400853 (S.D. Cal. Apr. 14, 2021) ....10

*Sparling v. Hoffman Constr. Co.*, 864 F.2d 635 (9th Cir. 1988) ....9

*Stiener v. Apple Computer, Inc.*, 2007 WL 4219388 (N.D. Cal. Nov. 29, 2007) ....10

*Sunvalley Solar, Inc. v. China Elec. Equip. Grp. Corp.*, 2015 WL 13546433 (C.D. Cal. Oct. 29, 2015), *aff'd sub nom.*, 690 F.App'x 942 (9th Cir. 2017) ....9

*Tompkins v. 23andMe, Inc.*, 840 F.3d 1016 (9th Cir. 2016) ....5

*Unicolors, Inc. v. H&M Hennes & Mauritz, LP*, 52 F.4th 1054 (9th Cir. 2022) ....9

**Statutes**

9 U.S.C. § 2 ....6

9 U.S.C. § 202 ....6

9 U.S.C. § 206 ....5

**Other Authorities**

Rule 26 ....9

Rule 26(f) ....9

# PRELIMINARY STATEMENT

Defendant Roadget Business Pte. Ltd. ("Roadget") brings the present Motion on the grounds that Plaintiff Foshan Liyan Undergarment Co., Ltd. ("Liyan") entered into a valid and binding agreement to arbitrate its present claims in China. Liyan cannot dispute that the agreement governs: Liyan has acknowledged before this Court that the terms of this agreement bear directly on crucial issues in this case; namely, ownership of the copyrights at issue. Liyan has further indicated that it intends to rely upon this agreement to establish its claims. As such, these claims must be arbitrated in China and this action dismissed.

Through this action, Liyan brings claims against Roadget for falsely misrepresenting its ownership rights in the copyrights of certain photographs (the "Photographs"), and it also seeks declaratory relief from this Court asserting Roadget has no copyright interests therein. In opposing Roadget's motion to dismiss and strike certain allegations from Liyan's First Amended Complaint ("FAC") (the "Motion to Strike and Motion to Dismiss the FAC") (ECF No. 28), Liyan submitted with its opposition brief (the "Opposition" or "Opp.") (ECF No. 32) a true and correct copy of the manufacturing and sales agreement between Liyan and Roadget (the "Agreement").

In addition to attaching the Agreement, the Opposition explicitly argued that the terms of the parties' Agreement address ownership of the relevant copyrights in this action, whether there was any transfer of ownership of those copyrights, and whether the parties were permitted to continue using certain photographs at issue in this litigation after the parties' relationship ended – issues which Liyan described as crucial to this case. In taking these positions, Liyan has unquestionably confirmed that: (1) it is a party to the valid and binding Agreement with Roadget which memorialized their business relationship, and (2) that such Agreement is applicable to the "central issues" Liyan brings in this case regarding Roadget's alleged lack of

ownership rights in the Photographs at issue and Liyan's alleged continuing rights therein.

What Liyan artfully declined to point out, though, is that the Agreement *also* contains a dispute resolution provision that requires all disputes arising from the execution or performance of it to be resolved by binding arbitration in China and governed by Chinese law.

Pursuant to the Federal Arbitration Act ("FAA"), the New York Convention pertinent to arbitrations in foreign jurisdictions, and Ninth Circuit precedent, the Court is required to dismiss this action and compel Liyan's present claims to arbitration in China, pursuant to the plain terms of the parties' Agreement. Roadget further requests the Court stay all case deadlines (including with respect to discovery and scheduling) pending a ruling on Roadget's Motion.[1]

## STATEMENT OF FACTS

Roadget is a Singapore-based company which owns the trademarks to the popular SHEIN brand and operates the us.shein.com website and SHEIN mobile application. FAC. ¶¶ 2,8. Liyan, a China-based company, and Roadget were formerly engaged in a buyer-seller relationship whereby Roadget purchased women's undergarments from Liyan to be sold on the above-noted SHEIN platforms. FAC ¶¶ 1, 11, 14. Liyan and Roadget operated pursuant to an Agreement that Liyan submitted in support of its Opposition to Roadget's Motion to Strike and Motion to Dismiss the FAC. *See* FAC ¶¶ 11, 16; Declaration of G. Warren Bleeker in support of Plaintiff's Opposition to Roadget's Motion to Dismiss and/or Strike Plaintiff's Amended Complaint, ECF. No. 32-1 ("Bleeker Decl.") ¶¶ 2-3, Ex. 2.

As part of their business relationship, Roadget commissioned its "preferred vendor for photography projects" to photograph the undergarments Roadget had

---

[1] Roadget intends to seek interim relief from the Magistrate Judge regarding a stay of discovery pending resolution of this Motion.

purchased for marketing on SHEIN platforms (the "Photographs"). FAC ¶¶ 12-14; Complaint, ECF No. 1 ("Compl.") ¶ 11-13. After the parties' business relationship ended, Roadget continued using the Photographs on SHEIN platforms. FAC ¶ 17. When Roadget noticed the Photographs were being used in certain listings on Temu, a third-party e-commerce platform, Roadget sent DMCA takedown notices (the "DMCA Notices") requesting Temu remove the listings because Roadget believed the use of the Photographs was unauthorized. FAC ¶¶ 19-23. At that point in time, Roadget did not have knowledge the listings belonged to Liyan. As confirmed by the DMCA Notices attached to the FAC, the listings at issue do not provide any indication as to the seller of the SHEIN undergarments on Temu, *see* FAC ¶¶ 20-23, Exs. B-D, and at no time did Liyan send DMCA counter-notifications to Temu challenging the DMCA Notices.

Only months after Roadget sent the DMCA Notices to Temu, on August 11, 2023, Liyan initiated this litigation against Roadget for allegedly sending false DMCA Notices with knowledge they contained misrepresentations because Roadget allegedly knew it did not have ownership rights in the Photographs. *See* Compl. ¶¶ 21-30; FAC ¶¶ 25-38.[2] In its subsequently filed FAC, Liyan further sought declaratory judgment that Roadget has never had ownership or a colorable claim of ownership in the Photographs. *See* FAC ¶¶ 46-56. On February 26, 2024, Roadget filed its Motion to Strike and Motion to Dismiss the FAC. ECF No. 28.

In its Opposition to the Motion to Strike and Motion to Dismiss the FAC, Liyan introduced the parties' Agreement and argued that it was relevant to the central issue of copyright ownership in the case because the Agreement would indicate that no copyrights in the relevant Photographs were transferred to Roadget, that Roadget's rights to use the Photographs ended when the parties' relationship ended, and that

[2] On January 22, 2024, Roadget timely filed its motion to dismiss Liyan's initial complaint. ECF No. 18. Liyan filed the FAC on February 9, 2024. ECF No. 21.

Liyan retained the right to use the Photographs after the parties' relationship ended. Opp. at 21:17-26. Liyan further argued that because the Agreement addresses these issues, Roadget could not plausibly deny "actual knowledge of (a) its lack of ownership rights in the Commissioned Photographs and (b) Liyan's continuing rights therein." *Id.* at 21:22-24. These are, of course, the crux of Liyan's present claims against Roadget, as admitted by Liyan, which contends the ownership of the copyrights is a "central" issue in the case. *Id*. at 17:5-6; *see generally* FAC.

The Agreement contains a governing law and dispute resolution provision that reads:

> This Agreement shall be governed by and construed in accordance with the laws of the People's Republic of China (for the purpose of this Agreement, excluding Hong Kong, Macao and Taiwan), excluding the application of all conflict of law rules. Any dispute or controversy arising from the execution or performance of this Agreement shall first be resolved through negotiation between the parties. If the dispute cannot be resolved through negotiation, either party may submit the relevant dispute to the Guangzhou Arbitration Commission and select an arbitrator for arbitration in accordance with its then-effective arbitration rules. The place of arbitration shall be Guangzhou, and the language used in the arbitration shall be Chinese. The arbitral award shall be final and binding on both parties.

Bleeker Decl. ¶¶ 2-3, Ex. 2 § I.

## ARGUMENT

### I. LIYAN'S CLAIMS ARE SUBJECT TO ARBITRATION IN CHINA

This action should be dismissed because it belongs in an arbitral forum in China, as the parties agreed. As conceded by Liyan in its Opposition to Roadget's Motion to Strike and Motion to Dismiss the FAC, Liyan's present claims concerning the ownership rights in the Photographs, and its dispute regarding Roadget's alleged

affirmative claims thereto, are governed by the parties' Agreement. That Agreement contains a mandatory arbitration provision requiring arbitration in China.

### A. **<u>This Court Should Compel This Action To Arbitration In China Under The New York Convention</u>**

Congress enacted the FAA in 1925 "to counter prevalent judicial refusal to enforce arbitration agreements." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016) (citations omitted). It did so by declaring written provisions in any contract to settle a dispute or controversy by arbitration as "valid, irrevocable, and enforceable." *Id.* Accordingly, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Consistent with that policy and purpose, federal law equally mandates giving effect to international arbitration agreements by way of the New York Convention (or the "Convention"), incorporated into the FAA in Section 206. 9 U.S.C. § 206 (requiring courts to "direct that arbitration be held in accordance with the [parties' arbitration] agreement"). Indeed, the Supreme Court has instructed lower courts to apply "the emphatic federal policy in favor of arbitral dispute resolution" with "special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985) (emphasis added); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974) (holding that the "principal purpose underlying" the New York Convention's implementation was to recognize and enforce "commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed").

Accordingly, the FAA provides that any "arbitration agreement . . . arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in [9 U.S.C. § 2], falls under the Convention." 9 U.S.C. § 202; *see Day v. Orrick, Herrington & Sutcliffe, LLP*, 42

F.4th 1131, 1139 (9th Cir. 2022) ("The purpose of the Convention is twofold: (1) to ensure that countries recognize and enforce arbitration agreements, and (2) to ensure that countries recognize and enforce foreign arbitral awards."); *see also Quiksilver Greater China Ltd. v. Quiksilver Glorious Sun Licensing Ltd.*, No. SACV 12-01379-CJC (ANx), 2012 WL 12878644, at *3 (C.D. Cal. Nov. 2, 2012) ("As a preliminary matter, the [agreement] and its arbitration clause are governed by the New York Convention pursuant to 9 U.S.C. § 202.").

Pursuant to the New York Convention, courts make a limited inquiry based on four preliminary factors to determine the existence of an arbitration agreement which falls under the Convention. The four preliminary factors are:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009) (citations omitted). "[I]f the district court resolves the four preliminary questions in the affirmative, it ***must*** order arbitration, unless it finds the agreement null and void, inoperative or incapable of being performed." *Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*, 109 F. Supp. 2d 1236, 1241 (S.D. Cal. 2000) (citations omitted) (emphasis added).

The New York Convention's factors are met here. *Id.* As discussed further below, *supra* Part I.B, the Agreement constitutes an "agreement in writing" and it

provides for arbitration in the territory of a signatory to the Convention – China.[3] *See* Opp. at 21:17-26; Bleeker Decl. ¶¶ 2-3, Ex. 2 § I. The Agreement also arose out of a legal relationship between the parties, i.e., the buyer-seller relationship whereby Roadget purchased women's undergarments from Liyan to be sold on SHEIN platforms. *See* FAC ¶¶ 11, 14; Opp. at 21:17-26. And finally, neither party to the Agreement is an American citizen. FAC ¶¶ 1-2.

**B. Liyan Entered Into A Valid, Binding Agreement To Arbitrate Its Asserted Claims In This Litigation**

Consistent with the strong federal policy in favor of arbitration, Roadget must only prove "the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413(1996)). Under California law, to form a contract, there must be "actual or constructive notice of the agreement" and a "manifest[ation of] mutual assent." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 512–13 (9th Cir. 2023). Once Roadget establishes the existence of an arbitration agreement, the burden shifts to Liyan to establish a factual basis for a defense to enforcement, if any. *See Knutson*, 771 F. 3d at 565.

By its own papers, Liyan has conceded that it is a party to a valid, written agreement with Roadget, which governs the parties' relationship and contains a mandatory arbitration provision. In relying upon the agreement in its Opposition, Liyan submitted a declaration from Delian Chen, Liyan's legal representative and general manager, asserting the Agreement attached thereto was the true and correct copy of the original OEM agreement between the parties translated from Chinese to English. Bleeker Decl. ¶¶ 2, Ex. 1 (ECF No. 33-1). Liyan also submitted a declaration

[3] *See, e.g., Liu Luwei v. Phyto Tech Corp.*, 2018 WL 6016958, at *2 (C.D. Cal. June 18, 2018) ("Both the United States and the People's Republic of China have ratified the New York Convention.").

of the individual who translated the Agreement asserting the Agreement is a true and correct translation. Bleeker Decl. ¶¶ 3, Ex. 2 (ECF No. 33-2). Thus, there is no dispute that Liyan is a party to the Agreement with Roadget.

Liyan further contends that the Agreement governs ownership and rights to use the Photographs, which are central issues to its claims in this action, and governed by Chinese law. *See* Opp. at 17:5-6, 21:17-26. In addition to its Section 512(f) claim, in which Liyan alleges that Roadget falsely asserted ownership rights to the Photographs, Liyan also asserts that an "actual case or controversy exists concerning whether Roadget has ownership of the copyrights of the Commissioned Photographs that Roadget identified in the DMCA Notices," FAC ¶¶ 47, and seeks declaratory relief asserting Roadget has never had colorable claims of ownership rights therein on that basis. *Id.* ¶¶ 46-56. Since filing its FAC, Liyan has affirmatively taken the position that ownership of the copyrights in the Photographs is a "central issue" in the case, Opp. at 17:5-6, and attached the Agreement to its Opposition to argue the Agreement "details that (1) no copyright in the Commissioned Photographs was transferred to Roadget, (2) that Roadget's limited right to use the Commissioned Photographs ended when the parties' relationship ended, and (3) Liyan retained the right to use the Commissioned Photographs after the parties' relationship ended." Opp. at 21:17-22. Liyan further stated, "[a]s a signatory to the [Agreement], Roadget cannot plausibly deny actual knowledge of (a) its lack of ownership rights in the Commissioned Photographs and (b) Liyan's continuing rights therein." *Id.* at 21:22-24.

Said another way, Liyan admits that the dispute over ownership of the copyrights at issue is governed by the Agreement's terms, and thus, is a dispute or controversy "arising from the execution or performance" of the Agreement. Bleeker Decl. ¶¶ 2-3, Ex. 2 § I. By arguing the Agreement's applicability to the ownership issues, Liyan thereby also concedes that such issues are governed by Chinese law. *Id.* ("This Agreement shall be governed by and construed in accordance with the laws of

the People's Republic of China."); *see also Unicolors, Inc. v. H&M Hennes & Mauritz, LP*, 52 F.4th 1054, 1079 (9th Cir. 2022) (foreign law governs copyright ownership over foreign works).[4]

Accordingly, by the Agreement's terms and Liyan's concessions, Liyan's claims are subject to Arbitration in China. *Id.*

## II. <u>THE COURT SHOULD DISMISS LIYAN'S ACTION</u>

The Ninth Circuit and California District Courts have held that "[d]ismissal is proper where the entirety of a plaintiff's claim is subject to arbitration." *Sunvalley Solar, Inc. v. China Elec. Equip. Grp. Corp.*, 2015 WL 13546433, at *5 (C.D. Cal. Oct. 29, 2015), *aff'd sub nom.*, 690 F.App'x 942 (9th Cir. 2017) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637-38 (9th Cir. 1988)). As addressed above, both claims in the FAC – which involve ownership of the copyrights to the Photographs at issue – must be submitted to arbitration in China, and cannot be pursued through this action. *See infra*, Part I.B. Thus, this Court may dismiss this action because the Agreement arbitration clause encompasses the action in its entirety.

---

[4] Liyan suggests in its portion of the parties' Rule 26(f) Joint Report (ECF No. 37) that the Agreement has expired and that Roadget waived its right to arbitrate. *See* Rule 26(f) Joint Report at 3. These arguments are specious. It was *Liyan* that introduced the Agreement and argued that it is not only relevant, but essential, to determining ownership of the relevant copyrights – the very issues Liyan also noted are "central" to its present case. Even further, in its initial disclosures, Liyan noted that witness Chen Delian, Liyan's General Manager, will testify to "Liyan's OEM Agreement with Roadget" and identified "[d]ocuments related to the relationship between Liyan and Roadget (in the possession of both Liyan and Roadget)", which includes the Agreement, as documents relevant to this action. *See* Declaration of Michael E. Williams in Support of Roadget's Motion to Compel Arbitration and Motion to Dismiss Proceedings ("Williams Decl.") ¶ 2, Ex. 1 (Liyan's Rule 26 Initial Disclosures) at 3:15-16. Liyan may not cherry-pick the portions of the Agreement it likes and ignore those it dislikes.

## III. THE COURT SHOULD STAY DISCOVERY PENDING ITS RULING ON ROADGET'S MOTION

A district court does not abuse its discretion when it grants a stay pending a dispositive motion "because [discovery] would be an unnecessary burden and expense before threshold, dispositive issues, [] were resolved." *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019). Because this Court is not the proper forum for Liyan's claims, Roadget also seeks an order staying all proceedings pending resolution of this Motion (including a stay of all pending and future discovery). Courts routinely stay proceedings pending the resolution of a motion to compel arbitration. *See, e.g.*, *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (granting "motion to stay discovery until the Court rules on [the] motion to compel arbitration."); *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, at *1-2 (N.D. Cal. Nov. 29, 2007) (granting motion to stay obligations under the court's scheduling order pending resolution of defendant's motion to compel arbitration because, if the motion is granted, the case will proceed to arbitration and "responsibility for the conduct of discovery [will] lie[] with the arbitrators"); *Galaxia Elecs. Co. v. Luxmax*, U.S.A., 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017); *Nguyen v. BMW of N. Am., LLC*., 2021 WL 2284113, at *3-4 (S.D. Cal. June 4, 2021); *Slade v. Empire Today, LLC*, 2021 WL 1400853, at *2 (S.D. Cal. Apr. 14, 2021). Indeed, in *Coinbase v. Bielski*, the Supreme Court recently noted that the asserted benefits of arbitration – "efficiency, less expense, less intrusive discovery, and the like"—would be "irretrievably lost" if a case could continue when a decision on arbitrability was ongoing. 143 S. Ct. 1915 (2023).

Liyan should not be permitted to ignore its arbitration agreement with Roadget, file a lawsuit in federal court in California, and force Roadget to participate in litigation in violation of the terms of the parties' Agreement, which Liyan concedes is central to its claims. An interim stay would undoubtedly save judicial and party resources, and Roadget respectfully requests that this Court follow other courts that

"routinely . . . stay discovery" pending a ruling on a motion to compel arbitration. *Galaxia Elecs. Co*, 2017 WL 11566394, at *2.

## **CONCLUSION**

Roadget respectfully requests the Court grant its Motion compelling this action to arbitration in China and dismissing this action. Roadget further requests the Court stay all discovery and other deadlines while this Motion is pending.

Dated: March 26, 2024

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Michael E. Williams*

Michael E. Williams
*Attorneys for Defendant Roadget Business Pte. Ltd.*

## PROOF OF SERVICE

On March 26, 2024, I served true copies of the following document(s) described as **DEFENDANT ROADGET BUSINESS PTE. LTD.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS PROCEEDINGS** on the interested parties in this action as follows:

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Syed A. Hasan
ahasan@lewisroca.com
G. Warren Bleeker
wbleeker@lewisroca.com
Steven Andrew Wilson
dwilson@lewisroca.com
655 North Central Avenue, Suite 2300
Glendale, CA 91203
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

SCIENBIZIP PC
Hua Chen
huachen@scienbizippc.com
Calvin Hsiao-Ting Chai
calvinchai@scienbizippc.com
550 South Hope Street Suite 2825
Los Angeles, CA 90071
Telephone: (213) 426-1771
Facsimile: (213)-426-1788

*Attorneys for Plaintiff Foshan Liyan Undergarment Co., Ltd.*

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from michaelwilliams@quinnemanuel.com on March 26, 2024, by transmitting a PDF format copy of such document to each such person above at the email address

listed below their name. The document was transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am a Partner at Quinn Emanuel Urquhart & Sullivan, LLP. Executed on March 26, 2024, at Los Angeles, California.

*/s/ Michael E. Williams*
Michael E. Williams